# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: May 1, 2025

```
* * * * * * * * * * * * * * * * * * * * * * * * *
LESLIE SAGER,                           *
                                        *    Special Master Young
                    Petitioner,         *
v.                                      *    No. 23-413V
                                        *
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
                    Respondent.         *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Jessi Carin Huff,* Mctlaw, Seattle, WA, for Petitioner.
*Margaret Armstrong*, U.S. Department of Justice, Washington, DC, for Respondent.

## DISMISSAL DECISION[1]

On March 24, 2023, Leslie Sager ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Pet., ECF No. 1. Petitioner alleged that the administration of an influenza ("flu") vaccine she received on August 28, 2020, caused her to suffer Guillain-Barré syndrome ("GBS"). *Id.*

On January 10, 2025, Petitioner filed a motion for a decision dismissing her petition. ECF No. 45. In her motion, Petitioner conceded that "[a]n investigation of the facts and science supporting [her] case has demonstrated to [P]etitioner that it is unlikely that she will be able to prove that she is entitled to compensation in the Vaccine Program." *Id.* at 1. She continued, "to proceed further would be unreasonable and would waste the resources of the Court, the [R]espondent, and the Vaccine Program." *Id.* Petitioner acknowledged judgment will result against her and she intends to elect to reject judgment to protect her rights to file a civil action in the future. *Id.* at 1–2. Petitioner understood she may file for attorneys' fees and costs once her case is dismissed and judgment is entered. *Id.* at 1. Respondent filed a response on January 15,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the Program"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

2025. ECF No. 46. Respondent expressly reserved the right to question good faith and reasonable basis of Petitioner's claim and to oppose, if appropriate, Petitioner's application for fees and costs. *Id.* at 1. Respondent otherwise had no objection to Petitioner's motion for a decision dismissing her petition. *Id.*

To receive compensation under the Program, Petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence that Petitioner's alleged injury was caused by the flu vaccine.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and Petitioner has not filed a supportive opinion from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

    **IT IS SO ORDERED.**

/s/ Herbrina D. S. Young<br>
Herbrina D. S. Young<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.