# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: August 19, 2026

| | | |
|---|---|---|
| LESLIE SAGER, | * | |
| Petitioner, | * | No. 23-413V |
| v. | * | Special Master Young |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Jessi Carin Huff*, mctlaw, Seattle, WA, for Petitioner.
*Margaret Armstrong*, United States Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On March 24, 2023, Leslie Sager ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2018) (the "Vaccine Act" or "Program"). Petitioner alleged that the administration of an influenza ("flu") vaccine she received on August 28, 2020, caused her to suffer Guillain-Barré Syndrome ("GBS"). Pet., ECF No. 1. On May 1, 2025, I issued a decision denying entitlement and dismissing the Petition. ECF No. 47.

On December 2, 2025, Petitioner filed a motion for attorneys' fees and costs. Pet'r's Mot. for AFC, ECF No. 51. Petitioner requests total attorneys' fees and costs in the amount of $114,804.73, representing $106,214.10 in attorneys' fees and $8,590.63 in attorneys' costs. Pet'r's

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

Mot. for AFC at 9-10. Petitioner represents that she did not personally incur any costs related to the prosecution of her petition. Pet'r's Ex. 26. Respondent responded to the motion on December 16, 2025, stating that Respondent defers "to the court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2, 5, ECF No. 52. On December 18, 2025, Petitioner filed a reply to Respondent's response. *See* Pet'r's Reply, ECF No. 53. Petitioner filed supplemental documentation substantiating expert costs on August 5, 2026. *See* Pet'r's Ex. 29.

This matter is now ripe for consideration.

## I. Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of her or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, although the petition was eventually dismissed, I am satisfied that the case possessed both good faith and reasonable basis throughout its pendency. Respondent also has not advanced any argument that the claim lacked good faith or reasonable basis. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Reasonable Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

I have reviewed the hourly rates requested by Petitioner for the work of her counsel at mctlaw, (the billing records indicate that the majority of attorney work was performed by Ms. Jessi Huff, with supporting work from Mr. Altom Maglio and paralegals). The rates requested in this matter are consistent with what counsel and support staff have previously been awarded for their Vaccine Program work, and I find them to be reasonable herein for work performed in the instant case.

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley,* 461 U.S. at 434).

In a footnote to his response, Respondent noted that "the total amount of attorneys' fees requested seems high given the complexity and duration of Ms. Sager's petition, including Ms. Huff's approximately 15 hours at her requested rate of $498.00 per hour for 2025 to research, draft, and review [P]etitioner's Motion for Attorneys' Fees and Costs and supporting documents . . . ." Resp't's Resp. at 3, n. 2 (citing Ex. 24 at 31–32). Respondent further noted that "[P]etitioner billed more than $35,000.00 prior to case-filing." *Id*. (citing Ex.24 at 1–18; Pet.).

In her reply, Petitioner asserts that Respondent's "footnoted argument willfully ignores the complexity of the Motion as a reasonable basis Motion for Fees and Costs, rather than the typical, straightforward motion. The billed time is reasonable considering the complexity of the Motion and the research and writing required to make a reasonable basis argument rooted in fact and caselaw." Pet'r's Reply at 2. Regarding the time spent gathering documentation and facts prior to filing the petition, Petitioner asserts that

> Petitioner was seen in multiple states by multiple facilities and had a complex medical background. Compiling all of these documents to ensure a complete record is provided to the Court is the duty of the Petitioner, and the process can be extremely time consuming. This is a burden carried by Petitioner alone, and Petitioner acknowledges that Respondent does not have this experience when

[3] The OSM Fee Schedules are available at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

> passing judgement on the length of time the process takes. However, Petitioner disputes the assertion that the time billed is an inaccurate reflection of that process.

*Id*. at 2–3.

While I appreciate the voluminous nature of the medical records and the complexities involved in this case, upon review, I find that an excessive amount of time was spent collecting, processing, and following up on medical records. In sum, from 2021-2023, mostly paralegals spent approximately 130.3 hours on tasks related to collecting medical records. Even considering the large number of medical records in this case, in my experience, this amount of time is excessive. Other special masters have reduced attorneys' fees in cases involving mctlaw for excessive hours spent collecting medical records. *See, e.g., Howells v. Sec'y of Health & Human Servs.*, No. 19-260V, 2022 WL 16580270, at *6 (Fed. Cl. Spec. Mstr. Oct. 3, 2022) (finding 90 hours spent gathering medical records was excessive and applying a 5% reduction to Petitioner's attorneys' fees); *Scheffler v. Sec'y of Health & Human Servs.*, No. 19-260V, 2022 WL 16580270, at *5 (Fed. Cl. Spec. Mstr. Oct. 3, 2022) (finding that 20 hours over 2.5 years collecting medical records was excessive and applying a deduction of $1,500.00). In this case, I find that a 5% reduction is reasonable to account for this issue. This results in a reduction of **$5,310.71**.[4]

Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $100,903.39.

### C. Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

Petitioner requests a total of $8,590.63 in attorneys' costs, comprised of acquiring medical records, postage, Docusign fees, the Court's filing fee, and expert services provided services by Michael Bradshaw, M.D., at $550.00 per hour totaling $3,500.00. *See* Pet'r's Ex. 25; Pet'r's Ex. 29.

Petitioner has provided supporting documentation for the majority of these costs, except for $323.99 in costs that were not accompanied by the required documentation, such as an invoice or proof of payment.[5] Therefore, reimbursement for these unsupported costs is denied. This results in a reduction of **$323.99**.

Accordingly, Petitioner is entitled to final costs in the amount of $8,298.88.

---

[4] This amount is calculated as $106,214.10 x 0.05 = $5,310.705, rounded to **$5,310.71**.

[5] These costs include:

- 5/7/2021: "Payment to The New Jewish Home for medical records" - $291.75
- 3/22/2022: "3/22/22 Docusign PAR from to client" - $9.06
- 3/21/2023: "Docusign declaration" - $10.64
- Various Postage Expenses - $12.54

*See* Ex. 25 at 1-2.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. Based on the above analysis, I find that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $106,214.10 |
| (Reduction of Fees) | ($5,310.71) |
| **Total Attorneys' Fees Awarded** | **$100,903.39** |
| | |
| Attorneys' Costs Requested | $8,590.63 |
| (Reduction of Costs) | ($323.99) |
| **Total Attorneys' Costs Awarded** | **$8,266.64** |
| | |
| **Total Attorneys' Fees and Costs** | **$109,170.03** |

**Accordingly, a lump sum in the amount of $109,170.03, representing reimbursement for Petitioners attorneys' fees and costs, to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[6]

**IT IS SO ORDERED**.

s/Herbrina D. S. Young
Herbrina D. S. Young
Special Master

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.